UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| ANNA C. PIERCE, | ) CASE NO. 16CV12 |
|---|---|
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security | ) MEMORANDUM AND ORDER |
| Defendants. | ) |

This matter comes before the Court upon A Motion for Attorneys Fees Pursuant to 42 U.S.C. § 406 filed by Plaintiff, Anna C. Pierce (hereafter "Ms. Pierce"). (ECF #19). Ms. Pierce seeks to recover $13,798.00 in attorney fees, which represents 25% of the past due benefits awarded to Plaintiff. (ECF #19, p.2). The Defendant, Nancy A. Berryhill (hereafter "the Commissioner"), filed a timely Response (ECF #20). This matter is fully briefed and ripe for review.

In September of 2018, Ms. Pierce as found to be disabled by the Commissioner, and entitled to collect disability benefits from May 2009. Pursuant to 42 U.S.C. § 406(b), Ms. Pierce's counsel now seeks to recover $13,798.00, which represents 30.6 hours of attorneys fees. (See ECF #19-3, p. 5). As the Commissioner properly calculated, this amount represents an hourly rate of approximately $450.92. (ECF #20, p. 3).

Attorney fee awards in social security cases brought in this Court are authorized under 42 U.S.C. § 406(b)(1)(A), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this
> title [42 U.S.C. § 401 et seq.] who was represented by an attorney, the

1

court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Under this statute, the court must determine the reasonableness of the award as it relates to the 25 percent cap. *See Shack v. Commissioner of Soc. Sec.*, 2013 WL 5755679, at *2 (N.D.Ohio Oct. 23, 2013)(citations omitted). Even where the parties have entered into a valid fee agreement, the court can reduce the amount of attorneys fees where counsel would "enjoy a windfall" because of either an inordinately large benefit award or from minimal effort expended. *See Id*. Courts in the Northern District of Ohio have determined that an hourly rate of $350.00 "is an appropriate upper limit in awarding attorney fees pursuant to § 406(b). *Hayhurst v. Berryhill*, 2018 WL 1122135, at *2 (N.D. Ohio Mar. 1, 2018)(*citing Hayes v. Colvin*, 2015 WL 4275506, at *3 (N.D.Ohio July 14, 2015)(*collecting cases*).

Based upon this case law and the facts presented herein, this Court GRANTS Ms. Pierce's Motion (ECF #19), but reduces the award and ORDERS that attorneys fees be granted in the amount of $400.00 per hour, which amounts to a total of $12,240.00. Upon receipt of this sum, counsel for Plaintiff, Law Offices of Charles E. Binder and Harry J. Binder, LLP, shall remit the previously awarded Equal Access to Justice Act fees of $5,450.00 to Ms. Pierce.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Court

Date: October 16, 2018